IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIM. NO. JKB-18-252 |
| **KIM HICKS,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The Defendant Kim Hicks was sentenced to a period of 60 months' imprisonment to be followed by 60 months' supervised release after pleading guilty to Possession With Intent to Distribute Cocaine, a Schedule II Controlled Substance. (ECF No. 28.) Hicks is now incarcerated at FCI Allenwood Low and is scheduled to be released on May 24, 2022. (ECF No. 32.) He has now filed an Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 30) in light of the COVID-19 Pandemic Crisis. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion will be DENIED.

Motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

1

defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Hicks filed a request with the warden of his institution on June 9, 2020, and that request was denied by the warden on June 15, 2020. (*See* ECF No. 32-2.) As of this writing, more than 30 days have lapsed since the warden received Hicks' request, and as such, Hicks has satisfied the procedural requirements of 18 U.S.C. § 3582(c)(1)(A). Therefore, the Court must determine: (1) whether Hicks has provided evidence establishing the existence of "extraordinary and compelling reasons" for his release; and (2) if so, whether compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). This Court and many others have determined that under the First Step Act, "BOP is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and

2

that courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). This Court likewise has held that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id. See also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Hicks has failed to establish extraordinary and compelling reasons for compassionate release.. Hicks has identified two medical conditions which heighten his risk for severe illness from COVID-19: (1) asthma, and (2) a history of hypertension. (ECF No. 32 at 8.) The Centers for Disease Control have found that both hypertension and moderate-to-severe asthma might increase a person's risk for a serious case of COVID-19. *See* People with Certain Medical Conditions, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed August 26, 2020). Even so, the severity of Hicks' conditions is unclear from the record. Both Hicks' asthma and hypertension are self-reported (Presentence Investigation Report ("PSR") at ¶ 56, ECF No. 32-1), and Hicks' BOP medical records, which the government submitted, do not indicate that Hicks suffers from asthma or hypertension. (*See generally* Def.'s Medical Records, ECF No. 37-1.) Further, there are currently no confirmed, active cases of COVID-19 at FCI Allenwood Low, which weighs against a finding of extraordinary and compelling reasons for release. *See* COVID-

19 Cases, BUREAU OF PRISONS, htttps://www.bop.gov/coronavirus/ (last accessed August 26, 2020). Also weighing against release is the seriousness of Hicks' crime and previous criminal record. Hicks pled guilty to carrying at least three kilograms of cocaine, a very substantial quantity of drugs. (*See* Plea Agreement Attach. A, ECF No. 26.) Additionally, before the instant offense, Hicks had sustained multiple other criminal charges and convictions, including two other serious drug convictions for which the sentences of incarceration were almost entirely suspended. (PSR ¶¶ 32, 35.) Hicks' sentence of 60 months' incarceration was appropriate when it was imposed and remains so.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Hicks' legitimate concerns about his health and living situation. Hicks' self-reported asthma and hypertension, however, do not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief, and Hicks' motion fails to establish the presence of other factors supporting compassionate release at this time. *See United States v. Taylor*, Crim. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release[.]"). Hicks' Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 30) is accordingly DENIED.

DATED this 26 day of August, 2020.

                    BY THE COURT:

                    _____
                    James K. Bredar
                    Chief Judge

5