IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| UNITED STATES OF AMERICA | * |  |
| v. | * | CRIM. NO.  JKB-18-252 |
| KIM HICKS, | * |  |
| Defendant. | * |  |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER

On August 27, 2020, this Court denied Defendant Kim Hicks' Emergency Motion for Compassionate Release.  (ECF No. 42.)  Hicks has now filed a Motion for Emergency Hearing and Reconsideration regarding the denial of his Motion for Compassionate Release.  (ECF No. 43.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018).  For the reasons set forth below, the Motion will be DENIED.

Motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*  A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*  As the Court previously noted, Hicks has satisfied the procedural requirements of 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 42 at 2.)  Therefore, the Court must determine: (1) whether Hicks has provided evidence establishing the existence of

"extraordinary and compelling reasons" for his release; and (2) if so, whether compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "remove[d] the Bureau of Prisons from its former role as a gatekeeper over compassionate release motions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (internal quotation marks and citation omitted). Accordingly, the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). This Court has held, for instance, that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020); *see also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and

compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

In his Motion for Emergency Hearing and Reconsideration, Hicks again fails to establish extraordinary and compelling reasons for his release. (*See* ECF No. 42 at 3.) Although Hicks argued in his Emergency Motion for Compassionate Release that he suffered from asthma and a history of hypertension, the Court found that neither could constitute extraordinary and compelling reasons for his release where both conditions were self-reported and were not mentioned in his BOP medical records. (*Id.*) Hicks now points to an outbreak of COVID-19 at FCI Allenwood Low, where he is incarcerated, to support his Motion for Emergency Hearing and Reconsideration. (*See* ECF No. 43 at 4.) Indeed, the Court notes with concern that 58 inmates and 12 staff members currently have coronavirus and that a staggering 180 inmates have recovered from COVID-19 at FCI Allenwood Low. *See* COVID-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed Jan. 11, 2021). Although the presence of active coronavirus infections in a facility weighs in favor of finding extraordinary and compelling reasons for an inmate's release, Hicks has not demonstrated that he personally suffers from a condition that elevates his risk of becoming seriously ill from COVID-19. *See Lewin*, 2020 WL 3469516, at *3. Accordingly, Hicks does not demonstrate that his circumstances constitute extraordinary and compelling reasons for compassionate release.

Likewise, the Court reiterates that consideration of the § 3553(a) factors weighs against Hicks' release. (*See* ECF No. 42 at 4.) The offense for which Hicks is now incarcerated—possession with intent to distribute at least three kilograms of cocaine—is undoubtedly serious. (*See* Plea Agreement Attach. A, ECF No. 26.) Further, before the instant offense, Hicks had

sustained multiple other criminal charges and convictions, including two other serious drug convictions for which the sentences of incarceration were almost entirely suspended. (PSR ¶¶ 32, 35.) Hicks' sentence of 60 months' incarceration was appropriate when it was imposed and remains so.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Hicks' legitimate concerns about his health and living situation. Hicks' self-reported asthma and hypertension and the presence of active COVID-19 infections at FCI Allenwood Low, however, do not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute extraordinary and compelling reasons for judicial relief, and Hicks' motion fails to establish the presence of other factors supporting compassionate release at this time. *See United States v. Taylor*, Civ. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release[.]"). Hicks' Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 43) is accordingly DENIED.

DATED this __/ /__ day of January, 2021.

BY THE COURT:

James K. Bredar

James K. Bredar
Chief Judge

4